NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHENLE HE,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 22-816

Agency No.
A208-317-798

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2026**
Honolulu, Hawaii

Before: BYBEE, R. NELSON, and FORREST, Circuit Judges.

Petitioner Shenle He, a Chinese citizen, petitions for review of the Board of

Immigration Appeals' (BIA) decision dismissing his appeal of an Immigration

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge's (IJ) denial of his application for asylum.[1] The "substantial evidence" standard governs our review of the BIA's decision. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007); *Iraheta-Martinez v. Garland*, 12 F.4th 942, 956 (9th Cir. 2021). Under that standard, we ask whether the BIA's decision is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (as amended) (citation omitted). We may grant the petition only when "the evidence not only supports[] but compels the conclusion" that the BIA's findings and decisions are erroneous. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (as amended) (citation omitted). Because He has not made this showing, we deny his petition.

To establish eligibility for asylum, the petitioner must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). "To establish a well-founded fear, the petitioner must demonstrate both an objective showing of reasonable fear based on credible, direct, and specific evidence, and a subjective showing of genuine fear of future

---

[1]He withdrew his CAT claim before the IJ and waived voluntary departure. As noted by the BIA, He did not challenge the IJ's denial of his withholding claim, so it is waived.

persecution." *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102–03 (9th Cir. 2004) (citation modified). He alleges that he was subject to persecution because of his Christian religion, specifically as a member of the Shouters sect.

The IJ found that He did not testify credibly and, as a result, could not demonstrate past persecution. The BIA affirmed the IJ's credibility finding, and, alternatively, held that "[e]ven if [He] were deemed credible" and "[a]ssuming arguendo that [He] did demonstrate past persecution," He's "asylum application would be denied on the merits." Because we agree with this latter conclusion, we do not address the agency's adverse-credibility determination and assume without deciding that He is credible and established past persecution.

"An applicant who has been found to have established . . . past persecution shall also be presumed to have a well-founded fear of persecution *on the basis of the original claim*." 8 C.F.R. § 1208.13(b)(1) (emphasis added). The presumption of future persecution may be rebutted—allowing the Agency to exercise its discretion and deny asylum—if the Government has established, by a preponderance of the evidence, that "[t]here has been a fundamental change in circumstances such that the applicant no longer has a well-founded fear of persecution." *Id.* § 1208.13(b)(1)(i)(A), (ii). If an applicant asserts that he has a well-founded fear of future persecution based on grounds different than those which were the basis of any

claim of past persecution, "the applicant bears the burden of establishing that the fear is well-founded." *Id.* § 1208.13(b)(1).

In this case, the BIA concluded that the Government met its burden of establishing a fundamental change in He's circumstances to rebut the presumption of future persecution because He "no longer associates with the Shouters sect[] and he has not shown that he will not be able to attend a state-sanctioned Christian church in China." The BIA then went on to explain why He had not established an objectively reasonable fear of future persecution based on his existing circumstances: (1) He's evidence related to police telling his parents he would be arrested if he returned to China was insufficient; and (2) He's parents practice Christianity in China without issue.

None of He's arguments compel the conclusion that the BIA erred. First, He is incorrect that the Government had to introduce evidence to show changed circumstances rather than rely on evidence already in the record, such as He's own testimony that he is no longer a Shouter. *See Iraheta-Martinez*, 12 F.4th at 956 ("[T]here is no reason why DHS cannot use evidence introduced by the noncitizen to rebut the presumption [of future persecution].") The BIA's determination that the Government had proven changed circumstances was supported by substantial evidence.

Second, the BIA's conclusion that He failed to prove a well-founded fear of future persecution based on his existing circumstances is supported by substantial evidence. He's barebones assertion that he thinks he will be arrested if he returns to China because the police told his parents that he "left without authorization," which "would be considered additional crimes" and would subject him to arrest when he returned, even when assumed credible, was insufficient to establish an objectively well-founded fear of persecution based on his past arrest. *See Lolong*, 484 F.3d at 1178 ("The petitioner's own testimony, if credible, is sufficient to establish that she has a subjectively genuine fear of future persecution. The objective component is more demanding." (citation omitted)). There is simply nothing in the record to support his assertion other than his own statement, and there is nothing about his statement that compels the conclusion that He's fear is objectively reasonable.

To the extent He asserts that he will be subjected to future persecution based on his current religious practices, the letter from a member of He's Shouter church that discusses fear of the government does not help his case because He is no longer a Shouter. Further, evidence from the Department of State indicates that there are many Christian churches operating in China and that the Chinese government treats Shouters differently than other Christian churches because they perceive it to be an "evil cult." Although there is evidence in the record of religious persecution of Christians in China, even those who attend state-sanctioned churches, He testified

that his parents, who attend a government-sanctioned church, practice Christianity without issue in China. As this court has explained, "a petitioner's fear of future persecution is weakened, even undercut, when similarly situated family members living in the petitioner's home country are not harmed." *Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009) (citation omitted). Accordingly, the record does not compel a finding that He would be subject to religious persecution on account of his Christian beliefs if he returned to China.

**PETITION DENIED.**